
JS 44 (Rev. 04/21)

Case 1:25-cv-13961 Document 1 Filed 07/31/25 Page 1 of 12 PageID: 1

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe I

## DEFENDANTS
Edwin Chaparro

**(b)** County of Residence of First Listed Plaintiff: Middlesex County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Highlands County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew K. Mitnick, Esquire
Feldman Shepherd Wohlgelernter Tanner Weinstock & Dodig, LLP
1845 Walnut St., 21st Floor Philadelphia, PA 19103 (215) 567-8300

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**TORTS / PERSONAL INJURY**: [X] 360 Other Personal Injury

(All other nature-of-suit boxes unchecked.)

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. sec. 1332

Brief description of cause:
Plaintiffs were sexually assaulted by the defendant.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/31/2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ ANDREW K. MITNICK

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – CAMDEN

| | |
|---|---|
| JANE DOE I <br> and <br> JANE DOE II <br>          Plaintiffs <br> v. <br> EDWIN CHAPARRO <br>          Defendant | CIVIL ACTION: <br><br> COMPLAINT AND JURY DEMAND <br> JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

Jurisdiction is based upon Title 28 U.S.C.A. § Section 1332 (a) (1). Venue is properly laid in the District of New Jersey as the incidents that give rise to this cause of action occurred within this District.

## PARTIES

1. Plaintiff Jane Doe I is an adult individual and citizen and resident of New Jersey, residing at 500 Forest Park Lane, Old Bridge, New Jersey 08857.

2. Plaintiff Jane Doe II is an adult individual and citizen and resident of New York, residing at 7 Brookside Drive East, Harriman, New York 10926.

3. Defendant Edwin Chaparro is an adult individual and citizen and resident of Florida, residing at 210 Douglas Avenue, Sebring, Florida 33870.

## STATEMENT OF FACTS

4. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

5. Defendant Edwin Chaparro is the father of Jane Doe I and II.

6.      Beginning when Jane Doe I and Jane Doe II each turned approximately eight (8) years of age, defendant Edwin Chaparro sexually assaulted plaintiffs at their childhood home in New Jersey.

7.      Defendant Edwin Chaparro sexually assaulted his minor daughters Jane Doe I and Jane Doe II on multiple occasions between 1999 and 2001.

8.      In 2001, defendant Edwin Chaparro was criminally indicted by an Atlantic County, New Jersey Grand Jury for his sexual abuse of Jane Doe I and Jane Doe II. The charges included two counts of First Degree Aggravated Sexual Assault, two counts of Second-Degree Sexual Assault, two counts of Second-Degree Endangering Welfare of a Child and two counts of Fourth Degree Child Abuse.

9.      On or about July 3, 2002, defendant Edwin Chaparro entered a guilty plea to two counts of Second-Degree Sexual Assault and was sentenced to, *inter alia*, a maximum of six years in prison.

10.     Defendant Edwin Chaparro has since been released from prison.

11.     In 2019, New Jersey amended the Child Sex Abuse Act ("CSAA") to extend the statute of limitations for civil child sex abuse actions, enabling survivors like Jane Doe I and Jane Doe II to seek long overdue redress. *See Governor Murphy Signs Legislation Extending the Civil Statute of Limitations for Sexual Abuse Claims in New Jersey*, Governor Phil Murphy (May 13, 2019), https://www.nj.gov/governor/news/news/562019/approved/20190513c.shtml. Under the new, extended statute of limitations. adult survivors of childhood sexual abuse have until age 55 to pursue civil actions. Both Jane Doe I and Jane Doe II are under the age of 55.

12. The abuse defendant Chaparro perpetrated upon Jane Doe I and Jane Doe II as children caused them unimaginable harm that has impacted their education, work, relationships, and virtually every aspect of their lives.

13. As a result of defendant Chaparro's sexual abuse, Jane Doe I became deeply untrusting. Her family dynamic was destabilized. She remained with her mother, who became a struggling single parent with five children, constantly battling homelessness. The resulting emotional turmoil was manifested by constant anger she struggled to contain and Jane Doe I battled low self-esteem, rejection, depression and anxiety.

14. As a result of defendant Chaparro's sexual abuse, Jane Doe II struggled with low self-esteem, depression and anger. She contemplated and planned to commit suicide on multiple occasions.

15. The abuse also impacted the manner in which Plaintiffs interacted with other people, harming friendships, work relationships and family relationships.

16. Despite Jane Doe I and Jane Doe II's fortitude and tremendous resilience, they have suffered irreparable harm caused by the sexual abuse defendant Chaparro inflicted upon them, resulting in substantial economic loss in addition to the extreme emotional distress they will be forced to endure for their lifetimes.

17. As a direct and proximate result of defendant Chaparro's abuse, Plaintiffs have suffered and continue to suffer physical injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm, and other consequential injuries and damages.

## CAUSES OF ACTION

### COUNT I
### Sexual Abuse (N.J. Stat. § 2A:61B-1)
### (Plaintiffs v. Edwin Chaparro)

18. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

19. Under the CSAA, sexual abuse is an act of sexual contact or sexual penetration between an adult and a child under the age of 18.

20. Defendant Edwin Chaparro, as an adult, made sexual contact with plaintiffs when they were both under the age of 18.

21. As a result of defendant Chaparro's conduct, each plaintiff has, and will become, obligated to expend significant sums of money for medical treatment, including mental health treatment.

22. As a result of defendant Chaparro's sexual abuse of plaintiffs, plaintiffs have suffered and continue to suffer physical injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm, and other consequential injuries and damages.

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

### COUNT II
### Battery[1]
### (Plaintiffs v. Edwin Chaparro)

---

[1] The CSAA amendment also tolls any civil action based on sexual abuse, so the common law claims raised in Counts II-VII are also timely. *See Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 100 (2006) (citing N.J.S.A. 2A:61B–1b).

23. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

24. Battery is the nonconsensual touching of another person.

25. In performing the conduct described above, defendant Chaparro committed battery against Jane Doe I and Jane Doe II because he intentionally engaged in unlawful, intentional and offensive touching of Plaintiffs.

26. Plaintiffs did not consent to the actions of defendant Chaparro.

27. The battery was committed without legal justification.

28. The actions herein constitute intentional, nonconsensual touching.

29. As a result of defendant Chaparro's conduct, each plaintiff has, and will become, obligated to expend significant sums of money for medical treatment, including mental health treatment.

30. As a direct and proximate result of defendant Edwin Chaparro's intentional, nonconsensual touching, plaintiffs have suffered and continue to suffer physical injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm and other consequential injuries and damages.

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

## COUNT III
### Assault
### (Plaintiffs v. Edwin Chaparro)

31. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

32. Assault is an action intending to cause a harmful or offensive contact or place a person in imminent apprehension of such contact.

33. Defendant Chaparro acted with the intention of causing offensive contact by sexually abusing Jane Doe I and Jane Doe II, causing them imminent apprehension of such contact.

34. The foregoing actions of defendant Chaparro were done by him with the intention to cause harmful or offensive contact with plaintiffs.

35. Defendant, through the foregoing actions, placed Plaintiffs in imminent apprehension of physical contact.

36. Defendant Chaparro's assault of Plaintiffs was done without legal justification.

37. Defendant's assault of plaintiffs was done against plaintiffs' will and without consent.

38. As a result of defendant Chaparro's conduct, each plaintiff has, and will become, obligated to expend significant sums of money for medical treatment, including mental health treatment.

39. As a direct and proximate result of defendant Chaparro's intentional, offensive contact placing plaintiffs in imminent apprehension of such contact, plaintiffs have suffered and continue to suffer physical injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm, and other consequential damages.

6

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

## COUNT IV
### Intentional Infliction of Emotional Distress
### (Plaintiffs v. Edwin Chaparro)

40. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

41. Intentional Infliction of Emotional Distress occurs when a person acts intentionally or recklessly with conduct so extreme and outrageous that it goes beyond all possible bounds of decency, and that conduct proximately causes severe emotional distress beyond which a reasonable person should be expected to endure.

42. Defendant Chaparro's intentional and reckless sexual abuse of plaintiffs constituted conduct so extreme and outrageous as to go beyond all possible bounds of decency. That intentional and reckless conduct proximately caused Jane Doe I and Jane Doe II lifelong and severe emotional distress beyond what a reasonable person may be expected to endure.

43. As a result of defendant Chaparro's conduct, each plaintiff has, and will become, obligated to expend significant sums of money for medical treatment, including mental health treatment.

44. As a direct and proximate result of defendant Chaparro's intentional and reckless conduct, plaintiffs have suffered and continue to suffer permanent injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm, and other consequential damages.

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

## COUNT V
### Negligence and/or Gross Negligence
### (Plaintiffs v. Edwin Chaparro)

45. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

46. Defendant Chaparro owed each plaintiff a duty of reasonable care to protect each plaintiff from injury.

47. Defendant Chaparro owed each plaintiff a duty of care because he had a special relationship with each plaintiff.

48. Defendant Chaparro breached his duty to each plaintiff by failing to use reasonable care.

49. Defendant Chaparro's failures include, but are not limited to, failing to properly protect plaintiffs from foreseeable dangers.

50. As a result of defendant Chaparro's conduct, each plaintiff has, and will become, obligated to expend significant sums of money for medical treatment, including mental health treatment.

51. As a direct and proximate result of defendant Chaparro breaching his duties, plaintiffs have suffered and continue to suffer physical, emotional, and psychological injuries, along with pain and suffering, humiliation, embarrassment, anxiety, economic harm, and other consequential damages. The sexual abuse and resulting injuries to plaintiffs were caused by reason of the negligent and/or grossly negligent failures, actions and inactions of defendant Chaparro.

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

## COUNT VI
### Negligent Infliction of Emotional Distress
### (Plaintiffs v. Edwin Chaparro)

52. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

53. Defendant Chaparro knew, or in the exercise of reasonable care should have known, that his acts and omissions would result in serious emotional distress to plaintiffs.

54. Defendant Chaparro owed a duty to each plaintiff to refrain from sexually assaulting or abusing them while in his care.

55. Defendant Chaparro's reprehensible behavior constituted a negligent and careless breach of his duties and was taken with disregard for the likelihood that each plaintiff would suffer severe emotional distress as a direct result.

56. As a direct and proximate result of defendant Chaparro's conduct, plaintiffs have suffered and continue to suffer physical injury, severe emotional distress, humiliation, embarrassment, anxiety, economic harm and other consequential damages.

57. As a result of defendant Chaparro's conduct, each plaintiff has, and will become, obligated to expend significant sums of money for medical treatment, including mental health treatment.

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

**COUNT XII**
**Punitive Damages**
**(Plaintiffs v. Edwin Chaparro)**

58. Plaintiffs incorporate by reference the preceding paragraphs as though same were set forth herein at length.

59. The foregoing conduct of Defendant Chaparro was malicious, willful, and wanton.

60. Defendant Chaparro acted with knowledge that plaintiffs would be harmed.

61. Defendant Chaparro's acts and omissions constitute an intentional, blatant, willful and wanton disregard for the safety of plaintiffs.

62. Defendant Chaparro could have, and should have, reasonably foreseen that plaintiffs would be harmed by his actions.

63. Plaintiffs seek punitive damages from defendant Chaparro.

64. Defendant Edwin Chaparro acted with wanton and willful disregard towards Jane Doe I and Jane Doe II's health and well-being by knowingly sexually assaulting Jane Doe I and Jane Doe II, causing them physical and emotional abuse, and causing plaintiffs to suffer severe permanent injuries. Punitive Damages are therefore warranted under N.J.S.A. 2A:15-5.9, *et seq.*, also known as the Punitive Damages Act.

WHEREFORE, plaintiffs Jane Doe I and Jane Doe II, demand judgment for damages upon the Complaint against defendant Edwin Chaparro, together with costs of suit, interest and attorneys' fees.

**DEMAND FOR RELIEF**

Whereas, plaintiffs respectfully request that this Court:

    a)    Award Jane Doe I and Jane Doe II compensatory and punitive damages;

    b)    Award Jane Doe I and Jane Doe II their reasonable attorneys' fees and costs;

       and

    c)    Award such other further relief as justice may require.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

                              FELDMAN SHEPHERD WOHLGELERNTER
                              TANNER WEINSTOCK & DODIG, LLP

                              */s/ Andrew K. Mitnick*
                              ANDREW K. MITNICK
                              1845 Walnut Street, 21st Floor
                              Philadelphia, PA 19103
                              (215) 567-8300
                              Attorney for Plaintiffs

Date:  July 31, 2025